David S. Musgrave, VSB No. 35327
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland 21202
(410) 576-4194
dmusgrave@gfrlaw.com
Attorneys for Trustee Kevin R. McCarthy

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FEDERAL BUSINESS SYSTEMS | ) | Case No. 17-12128-BFK |
| CORPORATION GOVERNMENT | ) | |
| DIVISION | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| KEVIN R. MCCARTHY, Chapter 7 Trustee | ) | |
| 8508 Rehoboth Court | ) | Adv. No. 19-01068 |
| Vienna, Virginia 22182 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROSE A. OSAMBA | ) | |
| 20070 Muirfield Village Court | ) | |
| Ashburn, Virginia 20147 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
## TRANSFERS, FRAUDULENT TRANSFERS AND POST-PETITION TRANSFERS

Kevin R. McCarthy, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of

Federal Business Systems Corporation Government Division ("FBSC"), sues Rose A. Osamba to

avoid and recover preferential transfers, fraudulent transfers, and post-petition transfers and

alleges as follows:

## JURISDICTION AND VENUE

1.      On June 21, 2017 (the "Petition Date"), FBSC filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2.      This Court has subject matter jurisdiction to consider this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) and 157(b)(2)(H).  Venue is proper pursuant to 28 U.S.C. § 1409(a).  Pursuant to Bankruptcy Rule 7008, the Trustee consents to the entry of final orders or judgments by this Court.

## PARTIES AND BACKGROUND

**A.      FBSC and its Insiders.**

3.      On November 16, 2017, the Court converted FBSC's bankruptcy case to Chapter 7 and appointed the Trustee as Chapter 7 Trustee.

4.      Rose A. Osamba is a citizen of the Commonwealth of Virginia with an address as set forth in the caption above.

5.      FBSC is a Virginia corporation whose primary business operations consisted of government contracting, providing information technology services to federal and state government agencies.

6.      Rose A. Osamba was an officer of FBSC.

7.      Donna Thomas, an officer of FBSC, is the daughter of Catherine I. Prosser, the sole owner of FBSC.

8.      Beginning in 2015, FBSC's business began to experience financial difficulties and in 2016, FBSC suffered a loss.

9.      During this time, as FBSC was experiencing financial difficulties, FBSC and its insiders began funneling money out of FBSC for their own uses at the expense of FBSC's

creditors.

**B.    FBSC and Front Site.**

10.    As of the Petition Date, FBSC operated at 25055 Riding Plaza, Suite 130, Chantilly, Virginia 20152 (the "Business Premises").

11.    FBSC leased the Business Premises from Front Site Maintenance Services, LLC ("Front Site").

12.    Catherine I. Prosser formed Front Site in February of 2013 and, at that time, she owned 98% of the membership interests. Rose A. Osamba owned the remaining 2% of the membership interests in Front Site upon its formation.

13.    In 2017, Catherine I. Prosser transferred her membership interests in Front Site to Donna Thomas for no consideration.

14.    During all relevant periods set forth in this Complaint, Catherine I. Prosser and Rose A. Osamba or Donna Thomas owned the membership interests in Front Site and exerted control over Front Site.

15.    Catherine I. Prosser and Rose A. Osamba, in concert with Donna Thomas, did not maintain Front Site as a separate and distinct legal entity.  Since its creation in 2013, Front Site failed to observe limited liability company formalities.

16.    On June 20, 2017 (the day before the Petition Date), Front Site transferred the Business Premises to Donna Thomas and her husband, Cliff Thomas, as tenants by the entirety for no consideration pursuant to a Quitclaim Deed recorded in the Clerk's Office of the Circuit Court for Loudoun County as Instrument No. 20170628-0039502. Donna Thomas executed the Quitclaim Deed on behalf of Front Site as its "Member and Manager".

7073011.1 55100/140548 06/19/2019

17.     Front Site has never had, and does not have now, any genuine or separate legal existence, but has been used and existed for the sole purpose of permitting Rose A. Osamba, Catherine I. Prosser, Donna Thomas, and Cliff Thomas to conduct their individual business under the guise of a limited liability company.

18.     At the direction of Rose A. Osamba, Donna Thomas, Catherine I. Prosser, and Cliff Thomas, funds flowed from FBSC to Front Site and thereafter to Rose A. Osamba, Donna Thomas, Catherine I. Prosser, Cliff Thomas, and their creditors.

19.     Front Site did not exercise genuine dominion or control over funds that flowed from FBSC and were thereafter distributed to Rose A. Osamba, Donna Thomas, Catherine I. Prosser, Cliff Thomas and their creditors. Instead, Front Site acted as a mere conduit to funnel funds out of FBSC to Rose A. Osamba, Donna Thomas, Catherine I. Prosser, Cliff Thomas and their creditors.

**C.     Appaloosa International Capital Group.**

20.     Appaloosa International Capital Group, LLC a/k/a Appaloosa International Capital Group a/k/a AICG a/k/a AICG LLC ("AICG") is a Virginia limited liability company with a principal office at 42831 Appaloosa Trail Court, Chantilly, Virginia 20152.

21.     During all relevant periods set forth in this Complaint, Cliff Thomas and Rose A. Osamba owned the membership interests in AICG and exerted control over AICG.

22.     Cliff Thomas, in concert with Rose A. Osamba, did not maintain AICG as a separate and distinct legal entity.  Since its creation in 2015, AICG failed to observe limited liability company formalities.

23.     AICG has never had, and does not have now, any genuine or separate legal existence, but has been used and existed for the sole purpose of permitting Cliff Thomas and

Rose A. Osamba to conduct their individual business under the guise of a limited liability company.

24.     At the direction of Cliff Thomas and Rose A. Osamba, funds flowed from FBSC to AICG, from FBSC's account debtors to AICG, and from FBSC to Front Site to AICG and thereafter to Cliff Thomas, Rose A. Osamba, and their creditors.

25.     AICG did not exercise genuine dominion or control of funds that flowed from FBSC or FBSC's account debtors and were thereafter distributed to Cliff Thomas, Rose A. Osamba and their creditors. Instead, AICG acted as a mere conduit to funnel funds out of FBSC to Cliff Thomas, Rose A. Osamba and their creditors.

### COUNT I
### (Avoidance of Preferential Transfer – 11 U.S.C. § 547)

26.     The Trustee incorporates the allegations of paragraphs 1-25 in this Count I.

27.     Rose A. Osamba is an insider of FBSC.

28.     Within one (1) year before the Petition Date, FBSC transferred funds in the aggregate amount of $97,397.62 (the "Preference Transfers") to or for the benefit of Rose A. Osamba as set forth more fully in the Schedule of Transfers attached as Exhibit No. 1.

29.     During the one (1) year before the Petition Date, Rose A. Osamba was a creditor of FBSC.

30.     The Preference Transfers were for or on account of an antecedent debt owed by FBSC before the Preference Transfers were made.

31.     FBSC made the Preference Transfers while FBSC was insolvent.

32.     The Preference Transfers enabled Rose A. Osamba to receive more than she would have received if this case were a case under chapter 7 of the Bankruptcy Code, the

Preference Transfers had not been made and Rose A. Osamba had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

33.    The Preference Transfers are preferential transfers and are recoverable by the Trustee pursuant to 11 U.S.C. § 547.

WHEREFORE, the Trustee requests that the Court enter an Order pursuant to 11 U.S.C. § 547 avoiding the Preference Transfers.

## COUNT II
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(A))

34.    The Trustee incorporates the allegations of paragraphs 1-33 in this Count II.

35.    Within two (2) years before the Petition Date, on October 22, 2015, November 30, 2015, December 3, 2015, December 9, 2015, December 28, 2015, March 1, 2016, and November 4, 2016, FBSC caused its account debtors to transfer funds that were owed to FBSC in the aggregate amount of $719,568.78 (the "Account Debtor Transfers") to or for the benefit of Rose A. Osamba as set forth more fully in the Schedule of Transfers. Ex. 1.

36.    Within two (2) years before the Petition Date, FBSC transferred funds in the aggregate amount of $1,698,859.79  (the "FBSC Transfers") to or for the benefit of Rose A. Osamba as set forth more fully in the Schedule of Transfers. Ex. 1.

37.    The FBSC Transfers and the Account Debtor Transfers total $2,418,428.57 and are collectively referred to as the "Fraudulent Transfers".

38.    FBSC made the Fraudulent Transfers with actual intent to hinder, delay, or defraud entities to which FBSC was or became, on or after the date that such Fraudulent Transfers were made, indebted.

39.    The Fraudulent Transfers are fraudulent transfers and are recoverable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(A).

6

WHEREFORE, the Trustee requests that the Court enter an Order pursuant to 11 U.S.C. § 548(a)(1)(A) avoiding the Fraudulent Transfers.

## COUNT III
### (Avoidance of Fraudulent Transfers – 11 U.S.C. § 548(a)(1)(B))

40.     The Trustee incorporates the allegations of paragraphs 1-39 in this Count III.

41.     Within two (2) years before the Petition Date, FBSC made, or caused to be made, the Fraudulent Transfers to or for the benefit of Rose A. Osamba as set forth more fully in the Schedule of Transfers. Ex. 1.

42.     FBSC received less than a reasonably equivalent value in exchange for the Fraudulent Transfers; and

     a.     FBSC was insolvent on the date that it made the Fraudulent Transfers, or became insolvent as a result thereof;

     b.     FBSC was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with FBSC was an unreasonably small capital;

     c.     FBSC intended to incur, or believed that FBSC would incur, debts that would be beyond FBSC's ability to pay as such debts matured; or

     d.     FBSC made the Fraudulent Transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

43.     The Fraudulent Transfers are fraudulent transfers and are recoverable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, the Trustee requests that the Court enter an Order pursuant to 11 U.S.C. § 548(a)(1)(B) avoiding the Fraudulent Transfers.

## COUNT IV
### (Avoidance of Post-Petition Transfers – 11 U.S.C. § 549)

44.     The Trustee incorporates the allegations of paragraphs 1-43 in this Count IV.

45.     After the Petition Date, FBSC transferred funds in the aggregate amount of $31,984.65 (the "Post-Petition Transfers") to or for the benefit of Rose A. Osamba as set forth more fully in the Schedule of Transfers. Ex. 1.

46.     The Post-Petition Transfers violated the Order on Motion for Interim Authority to Use Cash Collateral Pursuant to 11 U.S.C. § 363 (ECF 58) entered on August 15, 2017.

47.     The Post-Petition Transfers were not authorized under the provisions of the Bankruptcy Code or by the court.

48.     The Post-Petition Transfers are recoverable by the Trustee pursuant to 11 U.S.C. § 549.

WHEREFORE, the Trustee requests that the Court enter an Order pursuant to 11 U.S.C. § 549 avoiding the Post-Petition Transfers.

## COUNT V
### (Recovery – 11 U.S.C. § 550(a))

49.     The Trustee incorporates the allegations of paragraphs 1-48 in this Count V.

50.     The Preference Transfers, the Fraudulent Transfers, and the Post-Petition Transfers (collectively, the "Transfers") reflect the transfer of funds in the aggregate amount of $2,450,413.22 (the "Transferred Funds"). Ex. 1.

51.     Rose A. Osamba is the initial transferee of the Transferred Funds or the immediate or mediate transferee of the Transferred Funds.

52.     Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover the Transferred Funds from Rose A. Osamba.

7073011.1 55100/140548 06/19/2019

WHEREFORE, the Trustee requests that this Court:

A.      ORDER that the Trustee recover the Transferred Funds from Rose A. Osamba in the aggregate amount of $2,450,413.22, together with interest accrued thereon calculated from the date of the Transfers through the date of entry of judgment at the legal rate.

B.      ORDER that Rose A. Osamba turn over to the Trustee the Transferred Funds in the aggregate amount of $2,450,413.22, together with interest accrued thereon calculated from the date of the Transfers through the date of entry of judgment at the legal rate.

C.      ENTER judgment in favor of the Trustee and against Rose A. Osamba in the aggregate amount of $2,450,413.22, together with interest accrued thereon calculated from the date of the Transfers through the date of entry of judgment at the legal rate.

D.      ORDER such other and further relief as is just and appropriate.

Date:  June 19, 2019

/s/ *David S. Musgrave*
David S. Musgrave (Bar No. 35327)
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, Maryland  21202
Phone No. (410) 576-4194
Fax No. (410) 576-4196
E-mail:  dmusgrave@gfrlaw.com

*Attorneys for Kevin R. McCarthy,*
*Chapter 7 Trustee*

7073011.1 55100/140548 06/19/2019